## Court of Common Pleas of Beaver County
### Civil Division

### Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) |
|---|
| 10448-2020 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| Michael Peters and Nichole Peters | Ferguson Fire & Fabrication, Inc., et al |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| 186 Haagen Lane, Beech Creek, PA 16822 | 140 Commerce Drive, Freedom, PA 15042 |
| | **DEFENDANT'S NAME** |
| | Ferguson Enterprises |
| | **DEFENDANT'S ADDRESS** |
| | 140 Commerce Drive, Freedom, PA 15042 |

| TOTAL NO. OF PLAINTIFF | TOTAL NO. OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2.00 | 2.00 | ☑ Complaint ☐ Notice of Appeal<br>☐ Writ of Summons ☐ Transfer from Other Jurisdictions |

| AMOUNT IN CONTROVERSY | CASE TYPE |
|---|---|
| ☐ $25,000 or less<br>☑ Over $25,000<br><br>**ARBITRATION CASE**<br>☐ Yes<br>☑ No | ☐ Motor Vehicle       ☐ Mortgage Foreclosure   ☐ Partition<br>☐ Medical Malpractice  ☐ Ejectment              ☐ Declaratory Judgment<br>☐ Other Professional Liability  ☐ Statutory Appeals  ☐ Replevin<br>☐ Product Liability    ☐ Quiet Title            ☐ Asbestos<br>☑ Other : Negligence                                ☐ Domestic Relations<br>                                                     ☐ Divorce<br>                                                     ☐ Custody |

**TO THE PROTHONOTARY:**

| NAME OF PLAINTIFF'S/PETITIONER/APPELLANT'S ATTORNEY (OR PRO SE LITIGANT): | ADDRESS (SEE INSTRUCTIONS) |
|---|---|
| Thomas D. Berret, Esq. | 1326 Freeport Road, Suite 100<br>Pittsburgh, PA 15238 |

| PHONE NUMBER | FAX NUMBER | EMAIL ADDRESS |
|---|---|---|
| (412) 963-1794 | (412) 963-6027 | tberret@waldmaninc.com |

| SIGNATURE | SUPREME COURT IDENTIFICATION NO | DATE |
|---|---|---|
| /s/ Thomas D. Berret, Esq. | 76733 | 5/7/2020 |



EXHIBIT A

IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY, PENNSYLVANIA

| | |
|---|---|
| MICHAEL PETERS and NICHOLE PETERS, Husband & Wife,<br><br>Plaintiffs,<br><br>vs.<br><br>FERGUSON FIRE & FABRICATION, INC.; and FERGUSON ENTERPRISES, LLC,<br><br>Defendants. | CIVIL DIVISION<br><br>No.: 10448-2020<br><br>**COMPLAINT IN CIVIL ACTION**<br><br><br>Filed on Behalf of: Plaintiffs<br><br>*Counsel of Record for this Party:*<br><br>THOMAS D. BERRET, ESQUIRE<br>PA ID No.: 76733<br><br>Hal K. Waldman & Assoc.<br>Fox Chapel Professional Building<br>1326 Freeport Road, Suite 200<br>Pittsburgh, PA 15238<br>Phone: (412) 963-1794<br>Fax:    (412) 963-6027 |

IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL PETERS and NICHOLE PETERS, Husband & Wife, | ) ) ) | CIVIL DIVISION |
| Plaintiffs, | ) ) ) | No.: |
| vs. | ) ) ) | |
| FERGUSON FIRE & FABRICATION, INC.; and FERGUSON ENTERPRISES, LLC, | ) ) ) ) ) | |
| Defendants. | ) | |

## NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.
IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**LAWYER REFERRAL SERVICE OF THE BEAVER
COUNTY BAR ASSOCIATION
788 Turnpike Street
Beaver, PA 15009
Telephone Number: 724-728-4888**
http://bcba-pa.org/lawyer-referral-service/

By: */s/ Thomas D. Berret, Esq.*
Thomas D. Berret, Esquire
Attorney for Plaintiffs

IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY, PENNSYLVANIA

| | |
|---|---|
| MICHAEL PETERS and NICHOLE PETERS, Husband & Wife, | CIVIL DIVISION |
| Plaintiffs, | No.: |
| vs. | |
| FERGUSON FIRE & FABRICATION, INC.; and FERGUSON ENTERPRISES, LLC, | |
| Defendants. | |

## COMPLAINT IN CIVIL ACTION

AND NOW, come the Plaintiffs, Michael Peters and Nichole Peters, Husband and Wife, by and through their Counsel of Record, Thomas D. Berret, Esquire, and the law firm of Hal K. Waldman & Associates, and file the following Complaint in Civil Action, and in support thereof, aver as follows:

1. Plaintiff Michael Peters is an adult individual residing in the Commonwealth of Pennsylvania.

2. Plaintiff Nichole Peters is an adult individual residing in the Commonwealth of Pennsylvania.

3. At all times relevant to this lawsuit, Plaintiff Michael Peters and Plaintiff Nichole Peters were (and are) Husband and Wife.

4. Defendant Ferguson Fire & Fabrication, Inc. (hereafter alternately referred to as "Ferguson Fire") is a foreign business corporation with an address of 12500 Jefferson Avenue, Newport News, VA 23602-4314.

5. Defendant Ferguson Fire & Fabrication maintains offices in this Commonwealth, and in Beaver County at 140 Commerce Drive, Building 4, Freedom, Beaver County,

Pennsylvania 15042.

6. Defendant Ferguson Fire is in the business of, *inter alia,* distributing, providing and supplying fire protection products, including but not limited to steel pipes used for installing sprinkler systems in structures or buildings.

7. Defendant Ferguson Fire regularly conducts substantial business in the Commonwealth of Pennsylvania.

8. Defendant Ferguson Enterprises, LLC (hereafter "Ferguson Enterprises") is a foreign business corporation with an address of 12500 Jefferson Avenue, Newport News, VA 23602-4314.

9. It is believed and therefore averred that Defendant Ferguson Enterprises maintains offices in this Commonwealth, and in Beaver County at 140 Commerce Drive, Building 4, Freedom, Beaver County, Pennsylvania 15042.

10. Defendant Ferguson Enterprises is in the business of, *inter alia,* distributing, providing and supplying fire protection products, including but not limited to steel pipes used for installing sprinkler systems in structures or buildings.

11. Defendant Ferguson Enterprises regularly conducts substantial business in the Commonwealth of Pennsylvania.

12. At all times relevant to this incident, Defendant Ferguson Fire was acting through its operator(s), officer(s), employee(s) and/or agent(s).

13. At all times relevant to this incident, Defendant Ferguson Enterprises was acting through its operator(s), officer(s), employee(s) and/or agent(s).

14. This lawsuit arises out of an incident that occurred on March 26, 2019 which caused injuries, damages, and losses to the Plaintiffs.

15. Prior to and on March 26, 2019, Plaintiff Michael Peters was a union sprinkler fitter employed by VFP Fire Systems.

16. Prior to and on March 26, 2019, Plaintiff was working as a sprinkler fitter at 904 Woods Avenue, Lock Haven, PA 17745.

17. Prior to and on March 26, 2019, Plaintiff's employer, along with other contractors, was in the process of building a structure, which would eventually house a First Quality tissue and/or paper producing machine/plant.

18. This construction and/or project (hereafter alternately referred to as the "First Quality" project) required the installation of a fire suppression system that was to include a sprinkler system placed into the building being constructed.

19. VFP Fire Systems, Plaintiff's employer, was responsible for the installation of the fire suppression system in the First Quality project.

20. Defendant Ferguson Fire and/or Defendant Ferguson Enterprises supplied the pipes to be used in the fire suppression system.

21. It is believed and therefore averred that prior to March 26, 2019, Defendant Ferguson Fire and/or Defendant Ferguson Enterprises entered into a contract or agreement with either the general contractor of the First Quality project, and/or Plaintiff's employer.

22. It is believed and therefore averred that the terms of the contract or agreement provided that either or both Defendants would supply the pipes necessary for the construction and installation of the fire suppression or sprinkler system at the First Quality project.

23. As part of the construction and installation of the sprinkler system, Defendant Ferguson Fire and/or Defendant Ferguson Enterprises supplied lengths of pipe, which were bound together by metal bands.

24. On March 26, 2019, the construction and/or installation of the sprinkler system required Plaintiff, his co-employees, and others on site to lift bundles of pipe from the ground floor to the second floor of the First Quality building.

25. The pipe being lifted at the time of the incident was two and a half inch diameter black iron pipe, schedule 40, that weighed 5.798 pounds per foot.

26. Prior to and on March 26, 2019, Defendant Ferguson Fire and/or Defendant Ferguson bundled the iron pipes used at the First Quality project in its factory and/or plant located at 140 Commerce Drive, Freedom, Pennsylvania 15042.

27. Prior to and on March 26, 2019, Defendant Ferguson Fire and/or Defendant Ferguson bundled the iron pipes in bundles that consisted of the same length of pipe.

28. The pipe bundle that was involved in this incident was bundled at the Defendants' factory/plant in Beaver County, and delivered to the First Quality project.

29. Due to the weight of the pipe bundles, it was necessary to use a crane to lift the pipes from the ground level to the higher levels at which the pipes would be installed.

30. In order to place the pipe bundles on the higher floor level, it was necessary to open a hole or cutout in that floor so that the pipe bundles could be placed through the hole, onto the higher floor.

31. In order to ensure that the pipe bundles were accurately guided into the hole or cutout, it was necessary to attach a "tag-line", to one end of the pipe bundle so that the pipe bundle would not spin.

32. In order to make sure that the pipe bundle would not spin, an employee of VFP would be required to hold the end of the tag-line that was not attached to the bundle of pipe, and guide it as necessary.

33. In order to lift the pipe bundle from the ground floor to a higher level, it would be necessary to first attach the pipe bundle to the crane boom via straps or other connecting devices, and then lift the pipe bundle with the crane to the desired height, while the individual holding the tag-line steered or guided the pipe bundle as necessary.

34. On March 26, 2019 at about 2:45 p.m., Plaintiff Michael Peters was the individual tasked with operating the tag-line while bundles of pipe were lifted from the ground floor to the upper level of the building at the First Quality project.

35. At that time, a bundle of what was believed to be approximately ten foot in length pipes was being raised by a crane, from the ground floor to the second floor of the building.

36. At that time, Plaintiff Michael Peters was on the ground floor, operating one end of the tag-line, the other end of which was attached to the bundle of pipes.

37. At that time and location, the bundle of pipes was in the air, approximately fifteen feet between the ground floor and second floor of the building.

38. At that same time and location, an approximately two and a half foot length of pipe slipped, came loose from, or was dislodged from the middle of the bundle of pipes, falling toward the ground.

39. The length of pipe that slipped, came loose from, or was dislodged from the bundle of pipes traveled through the air until it struck Plaintiff Michael Peters in the head, causing the injuries to be described hereafter.

40. As the sole, direct, and proximate result of the incident, Plaintiff has suffered the following injuries, all or some of which may be permanent in nature:

    a.  injury to the head, including 5.0 laceration to the left side of forehead, tenderness to the forehead, left frontal soft tissue hematoma, left periorbital soft tissue emphysema, extraconal hemorrhage;
    b.  comminuted and depressed fracture in the anterior wall of the left frontal sinus,

            with overlying scalp edema and hematoma;
- c.     fracture in the superior medial wall/orbital roof of the left orbit;
- d.     encephalomalacia in the bilateral anterior-inferior frontal lobes;
- e.     left eye ecchymosis, bruising, and swelling;
- f.     headaches, dizziness, disturbed sleep, post-traumatic vertigo, balance disorders and other signs and symptoms of closed head injury;
- f.     permanent and disfiguring scarring on the forehead;
- g.     such other injuries as may present at or before the time of trial.

41. As the sole, direct, and proximate result of this incident, Plaintiff was required to undergo medical treatment, including the following:

- a.     emergency medical transport;
- b.     emergency department treatment;
- c.     medical helicopter transport;
- d.     inpatient hospital stay;
- e.     diagnostic testing;
- f.     laceration repair to the forehead with thirteen sutures;
- g.     numerous visits with physicians and other medical providers;
- h.     the use of medication;
- i.     physical and/or vestibular therapy.

42. As the further sole, direct and proximate result of the incident, Plaintiff Michael Peters has experienced pain, suffering and inconvenience.

43. As the further sole, direct and proximate result of the incident, Plaintiff Michael Peters will be required to undergo future medical treatment in an effort to restore himself to good health.

44. As the further sole, direct and proximate result of the incident, Plaintiff Michael Peters has incurred recoverable economic damages including medical expenses and out of pocket expenses.

45. As the further sole, direct and proximate result of the incident, Plaintiff Michael Peters' worker's compensation insurer and/or health plan has paid medical benefits on his behalf, and is entitled to subrogation as a matter of law.

46. As the further sole, direct and proximate result of the incident, Plaintiff Michael Peters has suffered the loss of his health, vitality, and well-being.

47. As the further sole, direct and proximate result of the incident, Plaintiff Michael Peters has suffered or will suffer the loss of income, a loss of earning's capacity, and diminished economic horizons.

48. As the further sole, direct and proximate result of the incident, Plaintiff Nichole Peters has suffered the loss of the care, comfort, and companionship of her husband, Plaintiff Michael Peters.

## COUNT I – NEGLIGENCE
## MICHAEL PETERS and NICHOLE PETERS, Husband and Wife, vs. FERGUSON FIRE & FABRICATION, INC.

49. Paragraphs 1 through 48 of this Complaint are hereby incorporated as though set forth more fully herein.

50. The injuries, losses and damages suffered by the Plaintiffs as listed previously are the sole, direct, and proximate result of the following acts or omissions of the Defendant:

   a. placing an approximately two foot long pipe in the middle of a bundle of pipes that were approximately ten feet long, without securing the two foot pipe;
   b. placing an approximately two foot long pipe in the middle of a bundle of pipes that were approximately ten feet long, without ensuring that the bands which encompassed the bundle of pipes had sufficient retaining force to secure every pipe in the bundle;
   c. failing to ensure that the bands which encompassed the bundle of pipes had sufficient retaining force to secure every pipe in the bundle;
   d. placing several two foot pipes end to end so that it appeared that the pipe which struck Plaintiff was a part of a longer pipe, secured in the middle, as opposed to one of several smaller pipes;
   e. failing to warn Plaintiff that the bundle of pipes did not contain pipes of the same length, but instead contained pipes of smaller length contained within the bundle;
   f. failing to use an adequate number of retaining straps to ensure that every pipe within the bundle would be restrained;
   g. failing to use an appropriate strapping machine considering the number of pipes and various lengths of pipe used in the bundle of pipes that caused injury to Plaintiff;

    h.      failing to inspect the bundle of pipes before shipping it, in order to ensure that every pipe within the bundle was adequately secured and restrained;

    i.      failing to inspect the bundle of pipes before shipping it, in order to ensure that every pipe within the bundle was of equal length and adequately secured and restrained;

    j.      failing to warn Plaintiff that the pipes within the bundle were not properly or adequately restrained or secured.

**WHEREFORE**, Plaintiffs demand judgment be entered in their favor and against the Defendant in an amount in excess of the jurisdictional arbitration limit, plus interest and costs.

### COUNT II – NEGLIGENCE
### MICHAEL PETERS and NICHOLE PETERS, Husband and Wife, vs. FERGUSON ENTERPRISES, LLC

51. Paragraphs 1 through 50 of this Complaint are hereby incorporated as though set forth more fully herein.

52. The injuries, losses and damages suffered by the Plaintiffs as listed previously are the sole, direct, and proximate result of the following acts or omissions of the Defendant:

    a.      placing an approximately two foot long pipe in the middle of a bundle of pipes that were approximately ten feet long, without securing the two foot pipe;

    b.      placing an approximately two foot long pipe in the middle of a bundle of pipes that were approximately ten feet long, without ensuring that the bands which encompassed the bundle of pipes had sufficient retaining force to secure every pipe in the bundle;

    c.      failing to ensure that the bands which encompassed the bundle of pipes had sufficient retaining force to secure every pipe in the bundle;

    d.      placing several two foot pipes end to end so that it appeared that the pipe which struck Plaintiff was a part of a longer pipe, secured in the middle, as opposed to one of several smaller pipes;

    e.      failing to warn Plaintiff that the bundle of pipes did not contain pipes of the same length, but instead contained pipes of smaller length contained within the bundle;

    f.      failing to use an adequate number of retaining straps to ensure that every pipe within the bundle would be restrained;

    g.      failing to use an appropriate strapping machine considering the number of pipes and various lengths of pipe used in the bundle of pipes that caused injury to Plaintiff;

    h.      failing to inspect the bundle of pipes before shipping it, in order to ensure that every pipe within the bundle was adequately secured and restrained;

    i.      failing to inspect the bundle of pipes before shipping it, in order to ensure that every pipe within the bundle was of equal length and adequately secured and

       restrained;

j.      failing to warn Plaintiff that the pipes within the bundle were not properly or adequately restrained or secured.

**WHEREFORE**, Plaintiffs demand judgment be entered in their favor and against the Defendant in an amount in excess of the jurisdictional arbitration limit, plus interest and costs.

                Respectfully submitted,

By:    */s/ Thomas D. Berret, Esq.*
         Thomas D. Berret, Esquire
         Attorney for Plaintiffs

IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY, PENNSYLVANIA

| | |
|---|---|
| MICHAEL PETERS and NICOLE PETERS, Husband & Wife, ) ) ) | CIVIL DIVISION |
| Plaintiffs, ) ) | No.: |
| vs. ) ) | |
| FERGUSON FIRE & FABRICATION, INC.; and FERGUSON ENTERPRISES, LLC, ) ) ) ) | |
| Defendants. ) ) | |

## **VERIFICATION**

I, MICHAEL PETERS, verify that the averments of fact made in the foregoing COMPLAINT IN CIVIL ACTION are true and correct based upon information and belief. I understand that averments of fact in said document are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

Date: 3-11-2020

_____
MICHAEL PETERS

        restrained;
j.      failing to warn Plaintiff that the pipes within the bundle were not properly or adequately restrained or secured.

**WHEREFORE**, Plaintiffs demand judgment be entered in their favor and against the Defendant in an amount in excess of the jurisdictional arbitration limit, plus interest and costs.

        Respectfully submitted,

By: _____
Thomas D. Berret, Esquire
Attorney for Plaintiff

IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY, PENNSYLVANIA

| | |
|---|---|
| MICHAEL PETERS and NICOLE PETERS, Husband & Wife, | ) CIVIL DIVISION ) ) |
| Plaintiffs, | ) No.: ) |
| vs. | ) ) |
| FERGUSON FIRE & FABRICATION, INC.; and FERGUSON ENTERPRISES, LLC, | ) ) ) ) |
| Defendants. | ) ) |

## **VERIFICATION**

I, NICOLE PETERS, verify that the averments of fact made in the foregoing COMPLAINT IN CIVIL ACTION are true and correct based upon information and belief. I understand that averments of fact in said document are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

Date: 3/11/20

_____
NICOLE PETERS

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that this filing complies with the provisions of *the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: <u>Thomas D. Berret, Esq., Attorney for Plaintiffs</u>

Signature: _____

Name: <u>Thomas D. Berret, Esq.</u>

Attorney No.: <u>76733</u>

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that this filing complies with the provisions of *the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Thomas D. Berret, Esq., Attorney for Plaintiffs

Signature: */s/ Thomas D. Berret, Esq.*

Name: Thomas D. Berret, Esq.

Attorney No.: 76733

2020 MAY 11 AM 11:42
MICHAEL ROSSI
PROTHONOTARY
BEAVER COUNTY, PA

FILED OR ISSUED

```
                          RECEIPT FOR PAYMENT
                          ===================


Beaver County Prothonotary                    Receipt Date   5/11/2020
        MICHAEL ROSSI                         Receipt Time   12:01:02
       Beaver, PA   15009                     Receipt No.      493235



     MICHAEL PETERS  ETAL (vs) FERGUSON FIRE&FABRICATION INC

        Case Number    2020-10448

         Received of:  HAL K WALDMAN & ASSOCIATES
                       LW


---------------------- Transaction Distribution ----------------------
Cost/Fee Description     Payment Amount    Payee Name
TAX ON CMPLT                        .50    BUREAU OF RECEIPTS & CNTR.M.D.
JCP SURCHARGE                     40.25    BUREAU OF RECEIPTS & CNTR.M.D.
ACT 164                            5.00    ACT 164
SET. DISCON W/O                   12.25    TREASURER OF BEAVER COUNTY
COMPLAINT FILED                  119.00    TREASURER OF BEAVER COUNTY
                              ----------
                                 $177.00


Check# 26655                     $177.00
                              ----------
Total Received........           $177.00


Case Balance Due:                  $.00
```

[Stamp: BEAVER COUNTY, PA PROTHONOTARY MICHAEL ROSSI  2020 MAY 11 AM 11:38  FILED OR ISSUED]